IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERRY KUNIEL BECKTON**                                       **PLAINTIFF**

**V.**                   **NO. 4:19-CV-475-BRW-BD**

**ANDREW SAUL, Commissioner,**
**Social Security Administration**[1]                            **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Billy Roy Wilson. Either party may file written objections if they disagree with the findings or conclusions set out in the Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I. Introduction:**

On January 8, 2016, Jerry Kuniel Beckton applied for disability benefits, alleging disability beginning July 11, 2015. (Tr. at 15) His claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

(ALJ) denied Mr. Beckton's application. (Tr. at 26) He requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Beckton filed this case seeking judicial review of the decision denying his benefits.

## II. The Commissioner's Decision:

Mr. Beckton was 35 years old on the alleged onset date of July 11, 2015. (Tr. at 24) The ALJ found that Mr. Beckton had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 17) At step two of the five-step analysis, the ALJ found that Mr. Beckton had the following severe impairments: left foot trauma, unspecified trauma and stress-related disorder, neuropathy, and cannabis use disorder. *Id*.

After finding that these impairments did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Mr. Beckton had the residual functional capacity (RFC) to perform work at the sedentary level, with some additional limitations. (Tr. at 19) He could only occasionally stoop, crouch, bend, kneel, crawl, and balance. *Id.* He could not use his left lower extremity for foot control and pedals. *Id.* He would be limited to work that is simple, routine, and repetitive and with supervision that is simple, direct, and concrete. *Id.*

The ALJ found that Mr. Beckton was not able to perform any past relevant work. (Tr. at 24) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Mr. Beckton's age, education, work experience and RFC, that he was capable of performing work in the national economy as fishing reel assembler, telephone

quotation clerk, and surveillance system monitor. (Tr. at 25) Thus, the ALJ determined that Mr. Beckton was not disabled. *Id.*

### III. Discussion:

A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

B. Mr. Beckton's Arguments on Appeal

Mr. Beckton maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the ALJ failed to properly evaluate his subjective complaints and that the RFC did not incorporate all his limitations.

Mr. Beckton's main complaints stem from a foot injury he sustained in a car accident. (Tr. at 379) Mr. Beckton underwent surgery to repair his broken toes, and afterwards he began physical therapy. (Tr. at 321-352) He had good rehabilitation potential according to his physical therapist, and he was tolerated therapy well over the

latter part of 2015. (Tr. at 325-351) He returned to work as a pizza baker. (Tr. at 351) Mr. Beckton's only restrictions were not lifting over 35 pounds and no running or jumping. (Tr. at 527)

After a second surgery in January of 2016, Mr. Beckton said he was doing well and was discharged from treatment after 8 weeks. (Tr. at 573, 581, 608, 630) Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Mr. Beckton was told to wean pain medications. (Tr. at 594, 622) X-rays showed stable alignment of his toes. (Tr. at 489) In December 2016, Mr. Beckton was prescribed custom-molded shoe inserts; and his doctor told him to go back to work as tolerated. (Tr. at 718)

Mr. Beckton also complained of mental impairments, but treatment notes showed normal mood and affect, with normal judgment, cognition, attention, and concentration. (Tr. at 701, 713-714, 754, 788, 809, 849, 886, 940) He was ultimately diagnosed with mere cannabis use disorder. *Id*. He did not seek regular and continuing mental health treatment; and he did not require inpatient hospitalization. The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Mr. Beckton asserts that the ALJ did not properly evaluate his subjective complaints. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), deleted the word "credibility" from the analysis of a claimant's subjective complaints and replaced it

4

with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still consider all evidence presented that relates to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness, and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

Mr. Beckton claims that he is unable to perform any activities of daily living, but the ALJ made note at the hearing that Mr. Beckton's doctor had not ruled out malingering. The ALJ found that Mr. Beckton did not have severe limitations that would explain an inability to perform daily activities. There was no objective testing evidence to support Mr. Beckton's claims.

The ALJ also noted that medication controlled Mr. Beckton's pain and that no significant restrictions had been placed on Mr. Beckton's activities. Furthermore, he worked during the relevant time-period. An ability to work with an impairment shows that the impairment is not disabling. *Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). Finally, the state-agency experts' opinions were consistent with the record as a

whole, and the ALJ considered them in evaluating Mr. Beckton's subjective complaints. (Tr. at 155, 178)

The RFC properly incorporated Mr. Beckton's limitations. The ALJ assigned an RFC that was more restrictive than that suggested by the state-agency doctors; thus, the ALJ did give credence to some of Mr. Beckton's subjective complaints. The ALJ properly considered minimal treatment, positive response to physical therapy and medication, and lack of physician restrictions when he determined Mr. Beckton's RFC. The ALJ also asked the VE a hypothetical that included all credible allegations, so his Step Five decision was well-supported.

## IV.  Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Beckton was not disabled. The ALJ properly considered Mr. Beckton's subjective complaints and did not err at step five. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

DATED this 25th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE